MICHAEL NUGENT, Appellant, *v.* JOHN CAMPBELL, Respondent.

Third Department, November 28, 1917.

Negligence — collision between wagon and automobile — evidence failing to establish ownership of automobile by defendant — when plaintiff not entitled upon redirect examination to refresh witness' recollection.

In an action to recover for injuries resulting from a collision between an automobile alleged to have been owned and in the control of the defendant and his servants, and a wagon in which the plaintiff was riding, the answer denied said allegation and the plaintiff sought to establish ownership of the automobile by calling the defendant's chauffeur as a witness. Evidence examined, and *held*, insufficient to sustain the allegation of the complaint and to establish ownership, and that, therefore, the complaint was properly dismissed.

The fact that in a previous action the defendant was compelled to pay a judgment for injuries sustained by a person who was driving the wagon involved in the accident, is immaterial.

The effort of plaintiff's counsel upon redirect examination to refresh the recollection of the chauffeur as a witness, which was not shown to be exhausted upon the direct examination, was improper. ·

Although a party may prove facts different from those testified to by a witness called by himself, it is improper without exhausting the witness' recollection upon direct examination, to attempt to discredit him upon a redirect examination.

Evidence to the effect that the defendant had registered two automobiles for the year in question was immaterial, as no one pretended to identify the car involved in the accident with such registry.

Appeal by the plaintiff, Michael Nugent, from a judgment of the County Court of Rensselaer county, entered in the office of the clerk of said county on the 24th day of March, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from the order entered in said clerk's office on the 26th day of March, 1917, granting the defendant's motion for a nonsuit.

*John F. & William H. Murray* [*John F. Murray* of counsel], for the appellant.

*John P. Judge* [*Frank S. Parmenter* of counsel], for the respondent.

Woodward, J.:

The complaint alleges that on the 5th day of November, 1915, defendant was the owner and in control of an automobile which was operated by defendant and his servants, which said automobile came into collision with a wagon upon which the plaintiff was riding, and that the plaintiff was injured in the accident. The answer denies these allegations, and the plaintiff wholly failed to establish ownership of the automobile which did the injury, or that it was in the control of the defendant at the time of the accident. A nonsuit was granted, and the plaintiff appeals to this court.

Our attention is called to a previous action, in which the defendant herein was compelled to pay a judgment for injuries sustained by one Brust, who was driving the wagon involved in the accident, but we are unable to discover why this judgment should be overruled, where the evidence fails to establish the cause of action, because a different result was obtained upon a different cause of action. The plaintiff called as a witness one Harris, the chauffeur who drove the car, and attempted to prove by this witness the ownership of the car, and the fact of its having been in the control of the defendant at the time of the accident. The witness testified that he worked for the defendant generally, but that at the time of the accident he was not performing any service for the defendant; that he took the car, the ownership of which he did not know, and was using it for his own purposes at the time of the accident. The only reluctance

of this witness apparent from the record was to fully disclose what he had been doing, or who his companions were, reasons for which reluctance may easily suggest themselves; but upon the issues involved in the action he testified frankly and fully responded to counsel's questions, with the result that the one witness called by the plaintiff to establish the defendant's liability not only failed to support the allegations of the complaint, but testified positively that he was not in the service of the defendant at the time of the accident, but was using the automobile for his own purposes, without the knowledge or consent of the defendant, and at an hour when he was not in the employ of the defendant at all. There was a clear failure on the part of the plaintiff to sustain the allegations of the complaint, and the nonsuit was properly granted.

The suggested errors on the part of the court do not impress us as having merit. Harris was not a hostile witness in any fair sense; he appears to have testified with entire frankness upon the material issues, though evidently not desiring to explain fully what had induced him to be out with this automobile at five o'clock in the morning, and which had no legitimate bearing upon the question of who owned the automobile and who was responsible for its operation at that time. He answered all questions on his direct examination without apparent hesitation, and the cross-examination fully brought out the fact that this witness did not know who owned the automobile, and that he was not employed by the defendant to perform any service at the time of the accident.

The effort of plaintiff's counsel, upon redirect examination to refresh the witness' recollection, which was not shown to be exhausted upon the direct examination, was clearly improper, and while it is true that a party may prove facts different from those testified to by a witness called by himself, we think it is not proper, without exhausting the witness' recollection upon direct examination, to attempt to discredit him upon a redirect examination; and there is nothing to indicate that the plaintiff would have brought out any testimony tending to support the allegations of the complaint denied by the defendant. At most there might have been shown some inconsistencies, but it was necessary for the plaintiff to produce some positive testimony upon the question

of the defendant's ownership or control of the automobile, and it is not suggested that this could have been done. To submit to the jury the credibility of his own witness, where there was no evidence whatever upon the issue independent of such testimony, would be entirely purposeless. The testimony that the defendant had registered two Packard automobiles for that year proved nothing; no one pretended to identify the car involved in this accident with such registry, and unless Harris could be induced to utterly repudiate his direct testimony and that of his cross-examination, and to testify affirmatively that the defendant was the owner, or in control of the car, the alleged effort to refresh his memory could be of no avail. Nothing of the kind is suggested.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.